## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTHONY WHEELER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 13-CV-2288 |
| | ) | |
| MARY MILLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW OPINION

Plaintiff, proceeding pro se and incarcerated in Danville

Correctional Center, seeks leave to proceed in forma pauperis.

The case is before the Court for a merit review pursuant to 28

U.S.C. § 1915A.  In reviewing the Complaint, the Court accepts the

factual allegations as true, liberally construing them in Plaintiff's

favor.  Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).

However, conclusory statements and labels are insufficient.

Enough facts must be provided to "'state a claim for relief that is

plausible on its face.'"  Alexander v. U.S., 721 F.3d 418, 422 (7th

Cir. 2013)(quoted cite omitted).

Plaintiff alleges that he suffers from excruciating dental pain

for which he has been denied treatment.  In particular, Plaintiff

alleges that the failure of Danville Correctional Center to provide a dental hygienist to clean and inspect his teeth amounts to deliberate indifference to Plaintiff's serious dental needs. Whether Plaintiff actually has a serious dental need that is not being treated is a determination that must await a developed record.

Plaintiff states an Eighth Amendment claim for deliberate indifference to his serious dental needs. At this point the claim will proceed against all named Defendants, though a more developed record may show that some of the Defendants have no personal responsibility for the alleged deprivations.

**IT IS THEREFORE ORDERED:**

1)    Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim for deliberate indifference to his serious medical needs. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2)    This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before

filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3)     The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4)     With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5)     Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6)     This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk.  Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does

not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7)      Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8)      Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9)      If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10)     **The clerk is directed to attempt service on Defendants pursuant to the standard procedures.**

11)  **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

12)  **Plaintiff's motion to add state law negligence claims is denied (d/e 5).**  To pursue a malpractice claim against the independent contractors, Plaintiff must attach a physician's report finding some merit to a malpractice claim, which he has not done. 735 ILCS 5/2-622.  If Plaintiff seeks to pursue a negligence claim against the State employees, he must do so in the Illinois Court of Claims.

13)  **Plaintiff's motion for a partial declaratory judgment and motion for a preliminary injunction are denied (d/e's 6, 7).** Plaintiff has not demonstrated that he is at risk of irreparable harm if an injunction does not issue, and Plaintiff's motion for a partial declaratory judgment is essentially a request for the Court to rule in Plaintiff's favor without any evidence and without input from Defendants.

14)  **Plaintiff's motion for the appointment of a health care monitor is denied (d/e 8).**  Plaintiff asks for the appointment of a special master.  The Court sees no need for a special master.

15)  **Plaintiff's motion for the appointment of an expert pursuant to Fed. R. Evid. 706 is denied (d/e 9).** Rule 706 is intended to assist the trier of fact, not to help a party prove his case.  The Court sees no reason to appoint an expert at this time.

16)  **Plaintiff's motion for the Court to seek pro bono counsel to represent Plaintiff is denied (d/e 10).** Plaintiff has significant experience litigating in federal court, and his pleadings demonstrate an above-average knowledge of applicable law and legal procedure.  Plaintiff can testify personally to his dental pain and attempts to obtain treatment, and he should be able to seek additional evidence to support his claims through simple discovery requests to Defendants.  At this point, Plaintiff appears competent to proceed pro se in light of the relative simplicity of Plaintiff's claims.  Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007).

ENTERED:

FOR THE COURT:

**s/Harold A. Baker**
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE